UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRY MACKEY,

    Plaintiff,

v.

RON BROOMFIELD, et al.,

    Defendants.

Case No. 22-cv-02391 EJD (PR)

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officials and officers at San Quentin State Prison ("SQSP"). Dkt. No. 1. Plaintiff filed a motion for leave to proceed in forma pauperis which will be addressed in a separate order. Dkt. No. 2.

## DISCUSSION

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on December 23, 2021, Defendant J. Dougery wrongfully placed him in ad-seg (administrative segregation), presumably for a disciplinary action, and that Defendant Sanders reviewed and approved the placement the following day. Dkt. No. 1 at 2. Defendant Tierney then came to his cell on December 24, 2021, and chose to retain Plaintiff in ad-seg. Id. On December 30, 2021, Plaintiff appeared before the ICC (Institutional Classification Committee) which was comprised of Defendants Andrade, Mitchell, Martin, O. Smith, and Fitzgibbon; they decided to retain Plaintiff in ad-seg and did not allow him to speak. Id. at 2, 4. On January 21, 20221, Defendant Willingham conducted a hearing, during which he refused Plaintiff a witness and did not examine the evidence. Id. at 4. Instead, Plaintiff claims Defendant Willingham found him guilty based on Defendant Dougery's report and falsified the hearing results to secure Plaintiff's placement in ad-seg. Id. On March 10, 2022, committee members, Defendants Andrade, Mitchell, Martin, Bravo, and Fitzgibbon, again refused to let Plaintiff speak and chose to retain him in ad-seg. Id. On March 30, 2022, Plaintiff claims committee members, Defendants Broomfield, Martin, Mitchell, and Fitzgibbon, released him from ad-seg, placed him in a 21-day quarantine, and falsified documents to make it look like Plaintiff was released on March 10, 2022. Id. Plaintiff claims that while in ad-seg, he endured violations of his Eighth Amendment rights, including being denied a spoon, bowl, towel, clothing exchange, disinfectant, and a working toilet. Id. Plaintiff seeks a 1-year credit

towards his sentence, damages, and injunctive relief.  Id.

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections.  See id. at 556-57, 571-72 n.19.  The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to Wolff's procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance."  See Sandin v. Conner, 515 U.S. 472, 477-87 (1995).

Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in Sandin.  "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

In determining whether a restraint is an "atypical and significant hardship," Sandin suggests that courts should consider whether the challenged condition mirrored the conditions imposed on inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; the duration of the condition; the degree of restraint imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence.  See Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003); Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).  If the deprivation is one of "real

3

substance," Wolff's procedural protections must be afforded.

Wolff established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at 570. Here, Plaintiff's allegations regarding the disciplinary hearings and his ad-seg placement are sufficient to state a due process claim under Wolff, based on the denial of procedural protections.

However, Plaintiff cannot obtain all the relief he seeks, namely the 1-year credit towards his sentence. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Accordingly, Plaintiff cannot obtain a change in his sentence through a § 1983 action. Violation of procedural due process rights requires only procedural correction and not a reinstatement of the substantive right. See Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991). In § 1983 cases, a plaintiff can recover

compensatory damages for a proven due process violation only if the deprivation of the substantive right was unjustified on the merits. If, on the other hand, it is determined after post-deprivation procedures that the deprivation was justified, a plaintiff can recover only nominal damages for the due process violation. See id. at 481 n.5 (citing Carey v. Piphus, 435 U.S. 247, 266-67 (1978); Vanelli v. Reynolds School Dist. No. 7, 667 F.2d 773, 781 (9th Cir. 1982)). In other words, the remedy for an unfair hearing is another hearing. If plaintiff is provided with a rehearing and is again found guilty, there can be no showing that the deprivation was unjustified on the merits and plaintiff is limited to nominal damages. If, on the other hand, a rehearing is held and plaintiff prevails, he may be entitled to compensatory damages. Accordingly, the claim for a credit to his sentence is DISMISSED for failure to state a claim for relief.

Plaintiff included "San Quentin State Prison" as a party in the caption of the complaint, Dkt. No. 1 at 1, but did not include SQSP as a defendant in the "Parties" section of the complaint. Dkt. No. 1 at 2. Nor are there separate allegations against SQSP in the statement of claim. Id. at 2, 4. There are also no factual allegations against named Defendants R. Rosalez, Quach, and Taylor. Id. Accordingly, Defendants SQSP, Rosalez, Quach, and Taylor shall be terminated as parties to this action as there are no claims against them.

## CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. Plaintiff's claim for a 1-year credit to his sentence is DISMISSED for failure to state a claim for relief. This matter shall proceed on the due process claim against the Defendants identified below.

The Clerk shall terminate "San Quentin State Prison," R. Rosalez, Quach, and Taylor as parties to this action as there are no allegations against them.

2. The following defendants at SQSP shall be served:

    **a.**    **Ron Broomfield, Warden**

5

  b.  O. Smith, Associate Warden

  c.  L. Bravo, Associate Warden

  d.  B. Martin, Classification Staff Representative

  e.  J. Dougery, Lieutenant

  f.  S. Willingham, Lieutenant

  g.  K. Andrade, Correctional Counselor

  h.  Mitchell, Correctional Counselor II

  i.  M. Fitzgibbon, Social Worker

  j.  E. Sanders, Captain

  k.  D. Tierney, Captain

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has <u>not</u> waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205

forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:   August 5, 2022

EDWARD J. DAVILA
United States District Judge