UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MACKEY,<br>    Plaintiff,<br>   v.<br>R. BROOMFIELD, et al.,<br>    Defendants. | Case No. 5:22-cv-02391 EJD (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; TERMINATING OTHER MOTION AS MOOT**<br><br>(Docket Nos. 20, 21) |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983, against prison officials and officers at San Quentin State Prison ("SQSP"). The Court found that, liberally construed, Plaintiff's complaint stated a cognizable claim for the violation of his right to procedural due process in connection with a disciplinary proceeding.[1] Dkt. No. 9. Defendants J. Dougery, L. Bravo, D. Tierney, K. Andrade, M. Fitzgibbon, S. Willingham, R. Broomfield, O. Smith, B. Martin, V. Mitchell, and E. Sanders filed a motion to dismiss this action as moot because the disciplinary action was reissued and reheard. Dkt. No. 20 at 3.[2] Plaintiff did not file an opposition although given an opportunity to do so. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

---

[1] The Court dismissed Plaintiff's claim for a 1-year credit to his sentence. Dkt. No. 9 at 5.
[2] In support of their motion, Defendants submit the declaration from the custodian of records, Jennifer Burns, authenticating the records referenced in their motion, attached as Exhibits A through D. Dkt. No. 20-2 (Burns Decl.).

## DISCUSSION

### I. Plaintiff's Claims

Plaintiff claims that on December 23, 2021, Defendant J. Dougery wrongfully placed him in administrative segregation ("ad-seg"), and that Defendant Sanders reviewed and approved the placement the following day. Dkt. No. 1 at 2. Defendant Tierney allegedly came to his cell on December 24, 2021, and chose to retain Plaintiff in ad-seg. Id.

On December 30, 2021, Plaintiff appeared before the Institutional Classification Committee ("ICC") which was comprised of Defendants Andrade, Mitchell, Martin, O. Smith, and Fitzgibbon. Id. at 1, 4. Plaintiff claims the ICC did not let him speak and decided to retain Plaintiff in ad-seg. Id.

On January 21, 20221, Defendant Willingham presided over Plaintiff's disciplinary hearing for his Rules Violation Report ("RVR"), during which he allegedly refused to allow Plaintiff to call a witness and did not examine the evidence. Id. at 4. Instead, Plaintiff claims Defendant Willingham found him guilty based on Defendant Dougery's report and falsified the hearing results to secure Plaintiff's placement in ad-seg. Id.

On March 10, 2022, the ICC (composed of Defendants Andrade, Mitchell, Martin, Bravo, and Fitzgibbon) again allegedly refused to let Plaintiff speak and chose to retain him in ad-seg. Id.

On March 30, 2022, Plaintiff claims committee members, Defendants Broomfield, Martin, Mitchell, and Fitzgibbon, released him from ad-seg, placed him in a 21-day quarantine, and falsified documents to make it look like Plaintiff was released on March 10, 2022. Id.

Plaintiff filed this instant action on April 18, 2022. Dkt. No. 1.

### II. Motion to Dismiss

Defendants filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because there is no longer a live

case or controversy.³ Dkt. No. 20 at 2.

## A. Standard of Review

A party may move to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(6). The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. PUC v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). Furthermore, the Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). A Rule 12(b)(1) motion can be facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack challenges the sufficiency of allegations in a complaint to invoke federal jurisdiction, whereas a factual attack contests that the allegations, assuming true, are nonetheless insufficient to invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment." Id.

Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." St. Clair v. City of Chio, 880 F.2d 199, 201 (9th Cir. 1989).

## B. Extrinsic Evidence

On December 23, 2021, Defendant Dougery charged Plaintiff with an RVR for harassment of another person. Burns Decl., Ex. B; Dkt. No. 20-2 at 6. Civilian Tenia Onfory called SQSP, where Plaintiff was housed at the time, and complained of Plaintiff's harassing and threatening phone calls. Id. SQSP identified ten phone calls to Ms. Onfory between

---

³ The Court denied Defendants' first motion filed on October 10, 2022, (Dkt. No. 15), to refiling it with a notice under Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (en banc). Dkt. No. 19.

8:24 a.m. and 8:55 a.m. Id. Plaintiff threatened to "do shit" to Ms. Onfory if he didn't receive a tracking number from her by a specified date. Id. He also threatened to send his brother "to pop all of [tires] and all [her] windows and [threatened that her] car is going to get wet and [she is] going to have electrical problems" if Ms. Onfory did not send the tracking number to Plaintiff. Id. Ms. Onfory repeatedly told Plaintiff to stop contacting her, but Plaintiff refused. Id.

On January 21, 2022, a disciplinary hearing on the RVR was held before Defendant Willingham. Burns Decl., Ex. C; Dkt. No. 20-2 at 12-22. Plaintiff stated that he spoke to Ms. Onfory earlier that day and that although not present, she wished to participate in the hearing. Id. at 15. Defendant Willingham allowed stipulated testimony from Ms. Onfory that she would verify Plaintiff was her fiancé, that she had a disagreement with Plaintiff while she was at work and meant for Plaintiff to only stop calling him while she was at work, and that it was a legitimate phone call and she was not terrorized by Plaintiff. Id. at 15-16. Defendant Willingham also permitted stipulated testimony that Ms. Onfory wanted to continue communication with Plaintiff. Id. at 16. In support of this, Plaintiff showed Defendant Willingham a canteen receipt where Ms. Onfory distributed funds for him on January 3, 2022. Id. Plaintiff pled not guilty and made the following statement:

> This is all a misunderstanding. I have an issue with this SHU team. I shouldn't be here for harassment. I never terrorized anybody. What I'm saying is she's my fiancé. We had a simple disagreement between two people who are in a committed relationship. I never threatened her physical harm. I would never do that. When I was in Carson, I called her every Sunday and every opportunity that I had. I still try to call her every chance I have. She never said stop calling me I don't want anything to do with you. She only said stop calling me while I'm at work. I admit that I said I was going to pop her tires and bust her windows, but it was only to get a reaction out of her. I'm not at home so I can't slam a door and or show her that I'm agitated. So I said I would do that in order to get a reaction from her. I just didn't expect her to call the prison. I had no intention of following through with any of that in any way. She's going to be my wife. I had no intention of calling my brother to have him do that to her car. My stepdaughter has to sue that car for work. It was basically me talking shit. Have you ever had a disagreement with the woman you love? That's all it was.

Id. at 16.

Defendant Willingham considered Defendant Dougery's RVR and incident report

package, Plaintiff's plea, Plaintiff's admission that he said he was going to pop Ms. Onfory's tires and bust her windows to get a reaction out of her, the Inmate/War Telephone System ITS Call records Query Log, and Plaintiff's mental health assessment. Id. at 17. Defendant Willingham found Plaintiff knowingly committed the misconduct by harassing Ms. Onfory, and found him guilty. Id.

On August 13, 2022, the RVR was reheard before Senior Hearing Officer ("SHO") S. Kelley. Burns Decl., Ex. D; Dkt. No. 20-2 at 24-30. Plaintiff received copies of all documents and/or was afforded the opportunity to review evidence in order to prepare his defense twenty-four hours prior to the hearing. Id. at 25. Plaintiff requested Ms. Onfory be present as a witness, and Plaintiff's Investigative Employee contacted her. Id. at 25. However, Ms. Onfory declined to participate. Id. at 25-26. Plaintiff pled not guilty and made the following statement:

> Basically since September and October, it was rocky between us. I called her and I was telling her we don't have to continue what we have. Whatever I have at her house she could send to my house or give to my brother. She threatened to burn some of my property. Then I responded with a threat to damage her property. I want to plea[d] not guilty based on the verbiage of the charge, which is a course of conduct which serves no legitimate purpose. I feel the element of the legitimate purpose was satisfied in the phone call.

Id. at 26-27.

Officer Kelley reviewed "[a]ll evidence provide[d]," including the charging document, incident report, ITS Call Record for December 23, 2021, audio recordings of the phone calls, Investigative Employee supplemental report, and testimony provided by Plaintiff. Id. at 27. Officer Kelley found 'the narrative of the RVR, the evidence provided, and the statements provided by [Plaintiff] have established the preponderance of evidence necessary for a guilty finding." Id. Officer Kelley's findings were noted in the final disposition of the RVR. Id. Officer Kelley considered Plaintiff's plea of not guilty and statement of having a legitimate purpose for calling Ms. Onfory, but explained that the threats made against her property and the continued calling cancelled out the legitimacy of the reason for contact. Id. Based on a preponderance of evidence, Officer Kelley found

1  Plaintiff guilty of "harassment of another person," and assessed 30 days loss of credit.  Id.

### C.  Procedural Due Process

This matter involves the sole claim that Plaintiff's procedural due process rights were violated during the disciplinary proceedings for the subject RVR on January 21, 2022. Defendants assert that the RVR was reissued and reheard on August 13, 2022, and any procedural violations were corrected during the appeal process.  Dkt. No. 20 at 7. Defendants assert that Plaintiff's complaint is therefore now moot.  Id.

Inmates facing disciplinary charges that could result in the loss of sentencing credits are entitled to due process.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Wolff established five procedural requirements: (1) written notice of the charges to the prisoner sufficient to prepare a defense, id. at 564; (2) notice must be provided at least 24 hours before the disciplinary hearing, id.; (3) a written statement by the factfinder as to the evidence relied on the reason for the decision, id.; (4) opportunity to call witnesses and present documentary evidence in his defense "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," id. at 566; and (5) where an illiterate inmate is involved or when the issues are complex, the assistance of a fellow inmate or designated staff, id. at 570.  In Superintendent v. Hill, 472 U.S. 445, 454 (1985), the Court held that the revocation of good-time credits does not comport with the minimum requirements of procedural due process in Wolff unless the findings of the prison disciplinary board are supported by some evidence in the record.  The standard for the modicum of evidence required is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced.  See id. at 455.

Violation of procedural due process rights requires only procedural correction and not a reinstatement of the substantive right.  See Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991).  In other words, the remedy for an unfair hearing is another hearing.  A prisoner is not denied due process where a due process error is "corrected in the administrative appeal process" which is "part of the due process afforded prisoners."  See

Frank v. Schultz, 808 F.3d 762, 764 (9th Cir. 2015) (summary judgment properly granted to defendants on due process claim where prisoner filed a successful administrative appeal which led to the removal of the incident report from his file and the forfeited credits were restored).

Defendants assert that Plaintiff does not allege any injury resulting from his first RVR hearing that were not cured by the rehearing. Dkt. No. 20 at 7. Specifically, Plaintiff alleged that at the first hearing, he was refused a witness, not permitted to speak, and that Defendant Willingham did not consider all the evidence before him. Dkt. No. 1 at 4. At the rehearing, Plaintiff made a statement and the SHO reviewed all the evidence before him. Dkt. No. 20-2 at 26-28. Plaintiff also requested a witness, the same witness he requested at the first hearing at which her stipulated statements were admitted in lieu of her personal appearance. *See supra* at 5. However, when the witness was contacted by the Investigative Employee assigned to Plaintiff, she declined to participate at the rehearing. Id. Defendants assert that her refusal to participate is a legitimate reason for denying a prisoner's request for a witness, and therefore, does not amount to a due process violation. Dkt. No. 20 at 8, citing Perkins v. Asuncion, No. ED CV 18-2203-JVS (SP), 2019 U.S. Dist. LEXIS 230669, at *10-11 (C.D. Cal. Nov. 19, 2019). Defendants conclude that Plaintiff was afforded all the process that was constitutionally due at this second RVR hearing: he was given timely notice of the charges, allowed to present evidence and call witnesses, and provided with a written explanation of the findings which were supported by some evidence. Id.

After carefully reviewing the papers, the Court finds that there is no longer a live case or controversy in this matter. After Plaintiff filed this action on April 18, 2022, challenging the first disciplinary hearing that took place on January 21, 2022, the underlying RVR was subsequently reissued and reheard on August 13, 2022. See supra at 5. Defendants' evidence shows that the procedural violations from the first hearing were cured by the reissuance and rehearing of the subject RVR. Accordingly, Plaintiff has already received the only relief available to him for an unfair hearing in the form of another hearing. See

7

Frank, 808 F.3d at 764; see also Pelayo v. Greer, No. 19-CV-04135-RS (PR), 2022 WL 468193, at *6 (N.D. Cal. Feb. 1, 2022), aff'd, No. 22-15223, 2023 WL 3773648 (9th Cir. June 2, 2023) ("[w]hatever due process violations occurred at plaintiff's first hearing were cured by the later reversal, which itself was part of the due process plaintiff received."); Penesa v. Cal. Inst. for Women, No. EDCV 16-1878-DMG (RAO), 2018 WL 4162485, at *6 (C.D. Cal. June 22, 2018) ("A due process claim based on violations at a first hearing is generally mooted upon the granting of a new hearing if a plaintiff suffered no injury as a result of the due process hearing."). In response, Plaintiff has filed no opposition disputing Defendants' evidence or presenting his own evidence to dispute Defendants' motion. Accordingly, Defendants' motion to dismiss should be granted, and this action must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants J. Dougery, L. Bravo, D. Tierney, K. Andrade, M. Fitzgibbon, S. Willingham, R. Broomfield, O. Smith, B. Martin, V. Mitchell, and E. Sanders' motion to dismiss is **GRANTED**. Dkt. No. 20. The claims against Defendants are **DISMISSED with prejudice** for lack of subject matter jurisdiction under Rule 12(b)(1).

The Clerk shall terminate all other pending motions, including Defendant's motion to stay discovery, as moot. Dkt. No. 21.

This order terminates Docket Nos. 20 and 21.

**IT IS SO ORDERED.**

**Dated:**   December 21, 2023

EDWARD J. DAVILA
United States District Judge